UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

CHARLES A. MCINTYRE,

        Plaintiff,

        v.                            Case No. 22-cv-1566-bhl

MR. GUNDERSON, et al.,

        Defendants.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

Plaintiff Charles A. McIntyre, who is currently incarcerated at the Brown County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on McIntyre's motion for leave to proceed without prepayment the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

McIntyre has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). McIntyre has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $20.33. Therefore, the Court will grant McIntyre's motion for leave to proceed without prepayment of the filing fee.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

At around midnight on September 17, 2022, Sergeant Gunderson went to McIntyre's cell at the Langlade County Jail while he was sleeping in the bottom bunk. Dkt. No. 1 at 4-5. Gunderson pretended to "fuss with the matt on the top bunk" while he "reached down and touched,

rubbed, and fondled [McIntyre's] intimate parts without [his] permission." *Id*. at 5. Gunderson then asked, "Do you like that?" *Id*. McIntyre did not respond. *Id*. Gunderson left the cell. *Id*.

The following day, on September 18, 2022, McIntyre wanted to file a Prison Rape Elimination Act (PREA) report but he noticed that there was no information about PREA posted anywhere on the walls of his unit. *Id*. Later, he got ahold of the PREA hotline phone number, but the number was not free or private—it was "a normal collect call." *Id*. McIntyre called the PREA hotline number and filed a report; he then filed an inmate grievance with the jail. *Id*. The next day, on September 19, 2022, McIntyre attended a court hearing, where the judge ordered his release. *Id*. Following that hearing, McIntyre attempted to report the incident to Sergeant Josh, but Sergeant Josh tried to dissuade him from filing the grievance because he had just been ordered released. *Id*. Nevertheless McIntyre indicated that he still wanted to file the grievance. *Id*. For relief, McIntyre seeks monetary damages. *Id*.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Section 1983 limits liability to individuals who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983. . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

It's unclear whether McIntyre was a pretrial detainee or a convicted prisoner at the time of the events giving rise to this lawsuit. *See* Dkt. No. 1 at 4. If he was a pretrial detainee, his rights arise out of the Fourteenth Amendment's Due Process Clause; if he was a convicted prisoner, his rights arise out of the Eighth Amendment. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 350-51 (7th Cir. 2018). The Court need not determine which amendment applies at this stage of the litigation because McIntyre states a claim even under the more stringent Eighth Amendment standard.

Under the Eighth Amendment, "[a]n unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012). "Indeed, sexual offenses need not involve *any* touching—think of indecent exposure, voyeurism, and child pornography that does not depict sex acts." *Id*. McIntyre alleges that Gunderson "touched, rubbed, and fondled [his] intimate parts without [his] permission" for his own gratification. After Gunderson was allegedly done touching McIntyre, he allegedly said, "do you like that?" showing his alleged gratification. Based on these allegations, the Court can reasonably infer that Gunderson may have violated McIntyre's constitutional rights. Therefore, McIntyre may proceed on a claim that Gunderson engaged in unwanted sexual touching on September 17, 2022 at the Langlade County Jail.

However, McIntyre fails to state claims against Sergeant Josh and Jail Administrator Heidi. McIntyre does not allege any specific facts about Jail Administrator Heidi. Liability under §1983 requires personal involvement, *see Burks*, 555 F.3d at 594; therefore, McIntyre failed to state a claim against Jail Administrator Heidi. With respect to Sergeant Josh, it's unclear what constitutional right McIntyre believes he violated. McIntyre alleges that Sergeant Josh attempted to dissuade him from pursuing an inmate grievance, but inmates have no constitutional right to grievance procedures. *See Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996); *Courtney v.*

4

*Devore*, 595 F. App'x 618, 620–21 (7th Cir. 2014); *see Grieveson v. Anderson,* 538 F.3d 763, 772 & n. 3 (7th Cir. 2008). Further, there are no allegations that Sergeant Josh punished McIntyre (or threatened to punish McIntyre) for filing the inmate grievance; therefore, McIntyre also has no retaliation claim against Sergeant Josh. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Finally, although the PREA is a federal law, it does not create a private cause of action. *See* 34 U.S.C. §§ 30301–30309. Therefore, the Court will dismiss Sergeant Josh and Jail Administrator Heidi from the case.

### CONCLUSION

The Court finds that Plaintiff may proceed on a claim that Gunderson engaged in unwanted sexual touching on September 17, 2022 at the Langlade County Jail.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Sergeant Josh and Jail Administrator Heidi are **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Gunderson pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Gunderson shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Langlade County Jail, as well as to the Langlade County Sheriff, and the Langlade County Corporation Counsel.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the **$329.67** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on March 21, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge